IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | : | CIVIL ACTION NO. **3:CV-05-0135** |
| Plaintiff | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| ELIZABETH MUSTO, Administratrix of the Estate of Patrick P. Musto, Jr.,[1] | : | |
| | : | |
| Defendant | : | |

**Memorandum and Order**

# I. Background

Plaintiff, Motorists Mutual Insurance Co., filed a Complaint on January 20, 2005, seeking multiple Declaratory Judgments with respect to decedent Patrick P. Musto, Sr.'s insurance policy and insurance coverage. (Doc. 1). On February 11, 2005, Defendant, Elizabeth Musto, Administratrix of the Estate of Patrick P. Musto Sr., filed an Answer and Counterclaim asserting Plaintiff acted in bad faith under 42 Pa. C.S.A. § 8371, Plaintiff violated the covenant of good faith and fair dealing in the insurance policy, and Plaintiff breached the contract of insurance. (Doc. 4). Plaintiff filed a Motion to Dismiss Defendant's bad faith and breach of covenant of good faith and fair dealing Counterclaims on March 2, 2005. **(Doc. 6).** On March 3, 2005, Defendant filed a response requesting Plaintiff's Motion be denied. (Doc. 7). However, in Defendant's Brief in Opposition to the Motion to Dismiss, Defendant withdrew her breach of

---

[1] The Complaint states Patrick Musto, Jr.. However, we note that Plaintiff is referring to Patrick Musto, Sr.

covenant of good faith and fair dealing counterclaim. (Doc. 12, p. 1). The only remaining issue for disposition is Defendant's bad faith counterclaim under 42 Pa. C.S.A. § 8371. Both Plaintiff and Defendant have filed original and Reply Briefs in support of their respective positions, and now this issue is ripe for review. (Docs. 11, 12, 14 & 21).[2]

## II. Allegations of the Counterclaim.

In the summer of 1999, the decedent, Patrick P. Musto, Sr. (Mr. Musto), consulted with the Newhart Agency on insurance matters. (Doc. 4, p. 2, ¶ 9). Mr. Musto completed an application for insurance with Plaintiff Motorists Mutual Insurance Company (Motorists), and a commercial policy was issued under Mr. Musto's business, Tuft-Tex, Inc. (Doc 4, p.3, ¶ 10, 14; p. 18, ¶49(e)). On December 30, 2003, Mr. Musto was involved in a fatal collision with a drunk driver in Luzerne County, Pennsylvania, and died due to injuries sustained in the accident. (Doc. 1, P. 4-5, ¶ 15). Mr. Musto was driving a 2002 Saturn L200 which was covered by the Motorists insurance commercial policy issued to Tuft-Tex, Inc. (Doc. 4, p. 6, ¶ 16; Doc. 14, p. 4). Motorists paid first party benefits, including accidental death benefits, funeral benefits, and medical benefits. (Doc. 12, p. 9; Doc. 14, p. 4). Defendant also received $50,000 from the driver of the other vehicle's insurance policy. (Doc. 4, p. 20, ¶ 49(m)). This amount did not equal the liability limit that Defendant was legally entitled to, and therefore, Under Insured Motorist (UIM) benefits were sought. (Doc. 4, p. 20, ¶ 49(r), (t)). Motorists denied coverage of UIM benefits (Doc. 4, p. 21, ¶ 49(u)) and filed the instant Complaint in District Court seeking

---

[2] The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c)(1). (Doc. 17).

Declaratory Judgment. (Doc.1).

Plaintiff Motorists is seeking the following Declaratory Judgments: (1) Declaratory Judgment relating to insured states - exclusion based upon lack of reasonable expectation of coverage; (2) Declaratory Judgment relating to cancellation - cancellation based upon misrepresentation; (3) Declaratory Judgment relating to lack of coverage - common law recision; and (4) Declaratory Judgment relating to nonstacked UIM coverage. (Doc. 1, pp. 6-12). Plaintiff bases the majority of its claims on allegations that Mr. Musto did not have a valid driver's license for the past thirty years, that he did not list himself on the driver's list in the insurance policy application, and that the language of the policy does not allow for Stacked UIM coverage. (Doc. 11, pp. 8-16).

Defendant filed an Answer and Counterclaims against Plaintiff.[3] Specifically, Count I of the counterclaim, bad faith, alleges that Defendant reasonably expected that the underinsured coverage under Motorists' policy provided for stacked benefits and that under Pennsylvania law, in the circumstances of this case, the decedent's Estate is entitled to UM/UIM coverage. (Doc. 4, p. 21, ¶¶49(x)-(y)). Defendant also alleges that Plaintiff acted in bad faith in violation of 42 Pa. C.S.A. § 8371. *See* (Doc. 4, pp. 22-24, ¶ 50). Defendant is seeking interest on the claim, costs and attorney's fees, punitive damages, and other compensatory damages. Subsequently, Plaintiff filed the current Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[3] As noted above, Defendant filed three separate counter claims, Count I - bad faith, Count II - good faith and fair dealing, and Count III - breach of contract. Plaintiff moved to dismiss only Counts I & II and Defendant withdrew Count II in her Brief in Opposition. (Doc. 12). The only remaining claim for disposition is Count I.

(Doc. 6).

**III.  Discussion.**

    *A.  Motion to Dismiss Standard.*

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).  A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

    *B.  Bad Faith under 42 Pa. C.S.A. § 8371.*

There is no common law remedy in Pennsylvania for bad faith on the part of insurers. *Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 649 A.2d 680, 688 (Pa. Super. Ct. 1994).  The Pennsylvania Legislature addressed this specific type of action by enacting 42 Pa. C.S.A. § 8371. The statute provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

*Id.*  The Third Circuit codified the standard and two part test developed in *Terletsky*.  *See*

*UPMC Health Sys. v. Metropolitan Life Ins. Co.,* 391 F.3d 497, 505-06 (3d Cir. 2004). Specifically, the Third Circuit stated that bad faith is a frivolous or unfounded refusal to pay proceeds of a policy and that such conduct imports a dishonest purpose and means of breach of a known duty through some motive of self interest or ill will. *Id. (citing Terletsky,* 649 A.2d at 688)(citations omitted).  To recover under a claim of bad faith, Defendant must show: (1) that the insurance company did not have a reasonable basis for denying benefits under the policy and (2) that the insurance company knew or recklessly disregarded its lack of reasonable basis in denying the claim. *Id.* Presently, Defendant must show that Plaintiff Motorists did not have a reasonable basis for seeking Declaratory Judgement for the UIM benefits under Tuft-Tex's policy after Mr. Musto's accident and that Motorist knew or recklessly disregarded its lack of reasonable basis in denying the claim.

  *C. Plaintiff's Reasonable Basis for Seeking Declaratory Judgment.*

  Plaintiff assert that it has a reasonable basis to seek a judicial declaration with respect to the UIM coverage claimed by Defendant.  (Doc. 11, p. 8-10).  Plaintiff claims that it is not denying Defendant UIM benefits, but only seeking a declaratory judgment as to the standing of Mr. Musto's insurance status. *Id.* Further, Plaintiff avers that this is logical because there is a justiciable controversy in the interpretation of the insurance contract, which a declaratory judgment would rectify. *Id.* Summarily, Plaintiff argues that it has a reasonable basis to seek declaratory judgment, contrary to the Defendant's claim that it does not have a reasonable basis for denial of insurance benefits.

5

Plaintiff's reasonable basis for seeking declaratory judgment rests upon the exclusion section of the policy's "Pennsylvania Underinsured Motorists Coverage - Nonstacked" provision. The exclusion section states in relevant part:

**C. Exclusions**

The insurance does not apply to any of the following:

2.  Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

(Doc. 11, p. 10-11).  Plaintiff avers that Mr. Musto did not have a reasonable belief of entitlement to use the Saturn vehicle because he did not have a driver's license for several years prior to the accident, and Mr. Musto knew that driving without a license was illegal due to two previous citations he received for violating the Pennsylvania Motor Vehicle Code.  *Id*.  Plaintiff also notes that Mr. Musto did not provide his own name in filling out the Driver's List section of the insurance policy application.  (Doc. 11, p. 11-13).

Defendant alleges that Plaintiff did not have a reasonable basis for denying UIM benefits because Plaintiff paid first party benefits to the Defendant and now has acted inconsistently in handling the first party benefits claims as against the UIM claims.  (Doc. 12, p. 8-9).  Plaintiff avers that this inconsistency demonstrates bad faith.  *Id*.  In addition, Defendant claims that the authorized agent of Motorists, Joseph Newhart, stated that he knew that Mr. Musto drove any and all vehicles under the policy.  In response to Plaintiff's position, that Mr. Musto did not have a reasonable belief that he was entitled to use the vehicle and therefore is excluded from coverage, Defendant uses case law to proffer that an individual does not need to posses a valid driver's license to own a car or purchase insurance, and entitlement to use a vehicle does not

solely rely on licensure status.

The basis of Defendant's bad faith counterclaim against Plaintiff does not meet the standard set forth in 42 Pa. C.S.A. § 8371.  First, Defendant has not shown that Plaintiff did not have a reasonable belief for seeking declaratory judgment with respect to Mr. Musto's insured status under the UIM provision of Motorists' policy.  Plaintiff has relied upon two cases which indicate that lack of a valid license imports doubt into a driver's mind concerning the entitlement of usage of a vehicle.  (Doc. 11, p. 11-12) (Citing *Cerankowski v. CNA Ins. Co.*, 2004 WL 1557334 (E.D. Pa 2004); *Goodman v. Bradbury*, 1989 WL 225395 (C.P. Delaware 1989)).  Defendant attempts to distinguish these cases based on factual differences.  However, we find that apart from facts, the Plaintiff's proffered cases support Plaintiff's proposition fact that a person without a valid driver's license does not have a reasonable belief to use the vehicle.  Specifically, the *Goodman* Court stated that "[a]lthough one can obtain an owner's permission to operate a vehicle without being licensed, one cannot have a reasonable belief of entitlement to operate any vehicle without a valid license." 1989 WL 225395 at 2.

In order for Defendant to proceed on her counterclaim, she must provide at least some support that lack of a driver's license, two Motor Vehicle Code violations for driving without a license, and Mr. Musto's failure to provide his own name as a driver on the insurance application is not a reasonable basis for seeking declaratory judgment in light of the policy's exclusion clause.  Defendant's Brief predominately advocates her position on the adjudication of the Declaratory Judgment Complaint rather than the Plaintiff's Motion to Dismiss.  For example, Defendant refers to *State Farm Mutual Automobile Ins. Co. v. Moore,* 544 A.2d 1017

(Pa. Super. Ct. 1988) for the notion that the word "entitle" has multiple meaning including the interpretation Defendant supports.  Defendants provide the following quote:

> Considering the clause in the context of the whole policy, we believe reasonably intelligent persons would differ regarding its meaning. Certainly one interpretation is that advanced by Ohio Casualty. That is, for a person to reasonably believe that he is entitled to use a car a person must have the owner's permission and a valid driver's license. However, the clause could also be interpreted to mean that a person can reasonably believe he is entitled to use a car once he has obtained the owner's permission. The mere use of the word "entitled" in the policy language does not require that one interpretation be accepted to the exclusion of the other. If Ohio Casualty had wanted to specifically exclude from coverage unlicensed drivers it could have defined the word "entitled" in its policy.

*Id*. at 1019-20.

*Moore,* however, supports Plaintiff's position, namely, that one interpretation of the policy could include that a person must have a valid driver's license to reasonably believe that they are entitled to use a vehicle.  Further, the above quote from *Moore* does not state that an insurance company that seeks declaratory judgment based on the lack of a driver's license is acting in bad faith.

The only argument that Defendant presents to support her opposition to the Motion to Dismiss is that an insurance company who pays first party benefits and then refuses, or seeks declaratory judgment of UIM benefits, acts inconsistently and therefore, in bad faith.  Defendant cites *Hollock v. Erie Ins. Exchange,* 2002 WL 1265695 (C.P. Luzerne 2002).  Defendant quotes the Honorable Peter Paul Olszewski:

> The fact that Erie, as first-party carrier, chose not to challenge causation for Ms. Hollock's medical bills for the same injuries which Erie, as UIM carrier, was challenging causation, is evidence of Erie's bad faith conduct, since the same insurance carrier, for the same insured, for the same accident, for the same injuries, arrived at inconsistent conclusions for the same medical

treatment.

2002 WL 1265695 at 532.  Defendant attempts to use this case as a *per se* rule for demonstrating bad faith.  However, we do not agree with this contention.  The *Hollock* case concerns causation of the plaintiff's injuries, not the status of the insured, which is presently at question.  Further, the Eastern District of Pennsylvania noted in *Cerankowski* that "merely because the defendant made payments required by one endorsement of the policy does not lead to the conclusion that they are bound to make payments under another."   2004 WL 1557334 at 4.  The provisions of the first party benefits and UM benefits in *Cerankowski* are similar to the provisions provided in Motorists' insurance policy issued in our case.  Under Motorists' policy, first party benefits coverage includes "any person while 'occupying' a covered auto," and the exclusions do not contain a reasonable belief of entitlement clause.  (*See* Doc. 1). Plaintiff does not deny that the Saturn car Mr. Musto was driving was covered for the purposes of the first party benefits and, thus, he paid for the applicable coverage. (Doc. 14, p. 4). However, for UIM benefits, the policy provision contains the exclusion clause stated above, and therefore an insured individual under this endorsement is different than an insured individual under first party benefits.  Plaintiff has every right to investigate who is insured for different provisions of the policy.  We find Defendant's argument regarding Plaintiff's alleged inconsistent action concerning first party benefits and UIM benefits not determinative of bad faith.

     Defendant also argues that Plaintiff's own agent conclusively established that Mr. Musto was insured under the subject policy. (Doc. 21, p. 2).  However, we do not agree that the coverage investigation of an insurance policy must terminate, based on an alleged statement

made by the Agent who sold the policy. Additionally, Defendant does not cite any case law to support this position. Further, this type of precedent would only promote fraud, as insurance agents and insured individuals could contrive to swindle insurance companies out of funds. While we fully acknowledge that this is not the case presently, we are not willing to hold that a sole statement of an insurance agent would establish that Mr. Musto was insured or that he had a reasonable belief that he was entitled to use the car, which is the underlying suggestion of Defendant.

We find that Plaintiff has a reasonable basis for seeking declaratory judgment with respect to Mr. Musto's insured status, and Defendant does not allege any set of facts that Plaintiff does not have a reasonable basis.

*D. Plaintiff's Knowledge or Reckless Disregard of its Lack of Reasonable Basis.*

Defendant has not alleged that Plaintiff knew or was reckless in seeking declaratory judgment. Therefore, Defendant has not met the second prong of the test. Because we find that Defendant has not met the standard with respect to UIM benefits, we do not need to discuss Defendant's alleged denial of UIM stacked benefits.

**IV. Conclusion.**

We find that Plaintiffs' Motion to Dismiss pursuant to Rule 12(b)(6) should be granted with respect to Count I, Bad Faith, of Defendant's counterclaim. Further, as noted above, Count II of the counterclaim, good faith and fair dealing, was withdrawn by Defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | : | CIVIL ACTION NO. **3:CV-05-0135** |
| Plaintiff | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| ELIZABETH MUSTO, Administratrix of the Estate of Patrick P. Musto, Jr.,[4] | : | |
| | : | |

**Order**

**AND NOW,** this 4th day of **August, 2005**, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Dismiss Count I, Bad Faith, of Defendant's Counterclaim **(Doc. 6)** is **GRANTED.**

                               **s/ Thomas M. Blewitt**
                               **THOMAS M. BLEWITT**
                               **United States Magistrate Judge**

**Dated: August 4, 2005**

---

[4] The Complaint states Patrick Musto, Jr.. However, we note that Plaintiff is referring to Patrick Musto, Sr.