IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | : | CIVIL ACTION NO. **3:CV-05-0135** |
| Plaintiff | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| ELIZABETH MUSTO, Administratrix of the Estate of Patrick P. Musto, Jr.,[1] | : | |
| | : | |
| Defendant | : | |

**Memorandum and Order**

**I. Background**

Plaintiff, Motorists Mutual Insurance Co., filed a Complaint on January 20, 2005, seeking multiple Declaratory Judgments with respect to decedent Patrick P. Musto, Sr.'s insurance policy and insurance coverage. (Doc. 1). On February 11, 2005, Defendant Elizabeth Musto, Administratrix of the Estate of Patrick P. Musto Sr., filed an Answer and Counterclaim asserting Plaintiff acted in bad faith under 42 Pa. C.S.A. § 8371, Plaintiff violated the covenant of good faith and fair dealing in the insurance policy, and Plaintiff breached the contract of insurance. (Doc. 4). Plaintiff filed a Motion to Dismiss Defendant's bad faith and breach of covenant of good faith and fair dealing Counterclaims on March 2, 2005. (Doc. 6). On March 3, 2005, Defendant filed a response requesting Plaintiff's Motion be denied. (Doc. 7). Defendant withdrew her breach of covenant of good faith and fair dealing counterclaim. (Doc. 12, p. 1).

---

[1] The Complaint states Patrick Musto, Jr.  However, as we have previously noted that Plaintiff is referring to Patrick Musto, Sr.

This Court thus had to decide the issue of whether to dismiss Defendant's bad faith counterclaim under 42 Pa. C.S.A. § 8371.  On August 4, 2005, we issued an Order dismissing Defendant's bad faith counterclaim.  (Doc. 25).

Subsequently, on December 23, 2005, Plaintiff Motorist filed a Motion to Stay Defendant's UIM Arbitration pending in state court.  **(Doc. 30)**.  Both Plaintiff and Defendant have filed their briefs in support of their respective positions, and now this Motion is ripe for disposition. (Docs. 31 and 38).[2]

## II. Facts of the Case.

In the summer of 1999, the decedent, Patrick P. Musto, Sr. (Mr. Musto), completed an application for insurance with Plaintiff Motorists Mutual Insurance Company (Motorists), and a commercial policy was issued under Mr. Musto's business, Tuft-Tex, Inc.  (Doc 4, p.3, ¶ 10, 14; p. 18, ¶49(e)).  On December 30, 2003, Mr. Musto was involved in a fatal collision with a drunk driver in Luzerne County, Pennsylvania, and died due to injuries sustained in the accident. (Doc. 1, P. 4-5, ¶ 15).  Mr. Musto was driving a 2002 Saturn L200 which was covered by the Motorists insurance commercial policy issued to Tuft-Tex, Inc.  (Doc. 4, p. 6, ¶ 16; Doc. 14, p. 4).  Motorists paid first party benefits, including accidental death benefits, funeral benefits, and medical benefits.  (Doc. 12, p. 9; Doc. 14, p. 4).  Defendant also received $50,000 from the driver of the other vehicle's insurance policy.  (Doc. 4, p. 20, ¶ 49(m)).  This amount did not equal the liability limit that Defendant alleges she was legally entitled to, and therefore, Under

---

[2] The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 17).

Insured Motorist (UIM) benefits were sought. (Doc. 4, p. 20, ¶ 49(r), (t)). Plaintiff Motorists denied coverage of UIM benefits (Doc. 4, p. 21, ¶ 49(u)), and filed the instant Complaint in District Court seeking Declaratory Judgment. (Doc. 1).

Plaintiff Motorists is seeking the following Declaratory Judgments: (1) Declaratory Judgment relating to insured states - exclusion based upon lack of reasonable expectation of coverage; (2) Declaratory Judgment relating to cancellation - cancellation based upon misrepresentation; (3) Declaratory Judgment relating to lack of coverage - common law recision; and (4) Declaratory Judgment relating to nonstacked UIM coverage. (Doc. 1, pp. 6-12). Plaintiff bases the majority of its claims on allegations that Mr. Musto did not have a valid driver's license for the past thirty years, that he did not list himself on the driver's list in the insurance policy application, and that the language of the policy does not allow for Stacked UIM coverage. (Doc. 11, pp. 8-16). Thus, Motorists seeks to establish that Mr. Musto (decedent) was excluded from coverage under the fleet business auto coverage form issued to his corporation, Tuft-Tex, Inc., and that his estate is not eligible to receive the $300,000 of UIM coverage available under the fleet policy. (Doc. 30, pp. 1-2). Motorists also seeks a declaratory judgment that its UIM coverage nonstacked endorsement did not permit for stacked coverage. (*Id.* & Doc. 38, p. 4).

Defendant filed an Answer and Counterclaims against Plaintiff.[3] Specifically, Count I of the Counterclaim, bad faith, alleged that Defendant reasonably expected that the underinsured

---

[3] As noted above, Defendant filed three separate counterclaims, Count I - bad faith, Count II - good faith and fair dealing, and Count III - breach of contract. Defendant withdrew Count II in her Brief in Opposition. (Doc. 12). This Court dismissed the bad faith counterclaim, Count I.

coverage under Motorists' policy provided for stacked benefits and that under Pennsylvania law, in the circumstances of this case, the decedent's Estate is entitled to UM/UIM coverage. (Doc. 4, p. 21, ¶¶49(x)-(y)). Defendant also alleged that Plaintiff acted in bad faith in violation of 42 Pa. C.S.A. § 8371. *See* (Doc. 4, pp. 22-24, ¶ 50). As mentioned, we dismissed the bad faith Counterclaim.

On March 29, 2005, after Plaintiff filed the present action, Defendant filed a praecipe for writ of summons in Luzerne County Court of Common Pleas ("LCCP") asserting a UIM action against Plaintiff Motorist. No further action occurred in the LCCCP UIM case after the writ of summons was issued, and discovery in the present case then proceeded. (Doc. 30, p. 7. and Doc. 31, p. 7.).[4] In December, 2005, counsel for Defendant wrote to Plaintiff's counsel indicating that Defendant was going to proceed with the UIM action filed in state court during the pendency of the present declaratory judgment action in this Court. Defendant then appointed an arbitrator and requested that Plaintiff do the same. Plaintiff then filed, on December 23, 2005, the instant Motion to Stay UIM arbitration until the present case was resolved.

Plaintiff, in the current Motion to Stay the UIM Arbitration pending in state court, argues that the issues raised in the present case may resolve all pending issues between the parties, that if the declaratory judgment action is decided in its favor, it would be a waste of resources to

---

[4]Recently, this Court extended the discovery deadline to March 2, 2006. (Doc. 35). Also, the Commonwealth of Pennsylvania, Department of Transportation (PennDOT) has a Motion for Protective Order (Doc. 32) which is pending in this case. We shall address this Motion by separate order.

proceed with the UIM arbitration, and that since the parties to the present case and the UIM case are identical, the doctrine of *res judicata* and collateral estoppel may apply. (Doc. 30).

Defendant contends that the issues are not the same in both actions, that there is no decision yet in the present declaratory judgment action, and thus *res judicata* and collateral estoppel do not apply, and that the insurance policy provides that certain issues are to be resolved by the Court and certain issues are to be resolved by arbitration. (Doc. 31). Defendant concludes that under the policy and pursuant to *Bottomer v. Progressive Casualty Ins. Co.*, 816 A. 2d 1172 (Pa. Super. 2003), she can proceed with her UIM arbitration case in state court while Plaintiff Motorist's declaratory judgment action in this Court is pending. (*Id.*).

### III.  Discussion.

In our case, Defendant filed a praecipe for writ of summons in LCCCP on March 29, 2005, and a writ of summons was issued on this day regarding a UIM cause of action against Plaintiff Motorist. Defendant did not pursue the state court action after the writ was issued, and discovery in the instant federal case then proceeded. (Docs. 30 & 31, ¶'s 6.-7.). Discovery is now almost complete in our case. It does not appear that a complaint was ever filed in the state court action to date. While Plaintiff argues that the issues raised in our case may conclusively resolve all issues between the parties, Defendant states that the issues in the federal action and state action are not the same. However, since no complaint has been filed in the state court action, we cannot determine if the issues in our case are the same as the issues in the state action. As the Court stated in *State Farm Auto Ins. Co. v. Filipe*, 2000 WL 325933 * 2 (E.D. Pa.):

> Because a Complaint was never filed in the state court action, this Court cannot determine whether the pending state court

5

> action presents the same issues and seeks the same relief.
> Thus, although a state court action is "pending," it has spent
> considerable time on deferred status and it appears that no
> action involving the merits has proceeded. Therefore, this
> Court finds it is in the interests of justice to proceed with
> the resolution of the federal declaratory judgment action.

Moreover, Plaintiff states that *Bottomer* is distinguishable from our case. Plaintiff argues that *Bottomer* involved arbitration under the Arbitration Act of 1927 and that under this Act the issue of law raised in *Bottomer*, whether the family car exclusion was enforceable, could be decided by both the court in the declaratory judgment action as well as the arbitration. (Doc. 38, p. 9). In our case, the insurance policy at issue is not a 1927 Act policy, and as Plaintiff points out, the issues in our case are legal issues which under the instant policy are to be decided by the court. (*Id.*, pp. 9-10). The issues presented herein, as stated, involve whether Mr. Musto was an insured and whether there is stacking of UIM benefits. We agree with Plaintiff that these are legal issues for judicial determination. We also agree with Plaintiff (Doc. 38, p. 10) that the plain language of the instant policy provides that:

> However, disputes concerning stacking, waivers, residency,
> statutes of limitation or whether a claimant is an "insured"
> under this endorsement shall not be arbitrated.

(Doc. 1, attached PA UIM Coverage-Nonstacked Endorsement to Insurance Policy, CA 7076 (03-97), p. 3, ¶ E. 4.).

As Plaintiff asserts, it has sought a judicial declaration in our case with respect to the UIM coverage claimed by Defendant. Plaintiff is seeking a declaratory judgment as to the standing of Mr. Musto's insured status. Further, we agree with Plaintiff that this issue is a judicial issue involving the interpretation of the insurance contract, which a declaratory judgment would

rectify.  We find that Plaintiff has properly filed an action in this Court seeking declaratory judgment with respect to Mr. Musto's insured status.  Thus, the present policy provides that issues such as those presented in our declaratory judgment action shall not be arbitrated.[5]

We agree with Plaintiff that *Bottomer* is indeed distinguishable from our case.  Further, we agree with Plaintiff that, since discovery is almost complete in our case, in the interest of judicial economy, and since the issues presented are legal issues which under the policy are not to be arbitrated, the Defendant's state court action should be stayed pending disposition of our case.  We further find that the issue regarding whether Mr. Musto was an insured must first be resolved by this Court.  Unlike in *Bottomer*, we find that the legal issues presented in our case must be first be decided in the declaratory judgment action, and thus the rationale of *Bottomer* that the two independent proceedings, *i.e.* state arbitration and federal declaratory judgment

---

[5]As we have stated in our prior Memorandum regarding Plaintiff's Motion to Dismiss Defendant's Counterclaims, Plaintiff's reasonable basis for seeking declaratory judgment rests upon the exclusion section of the policy's "Pennsylvania Underinsured Motorists Coverage - Nonstacked" provision.  The exclusion section states in relevant part:

**C. Exclusions**

The insurance does not apply to any of the following:
2. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

(Doc. 11, p. 10-11).  Plaintiff avers that Mr. Musto did not have a reasonable belief of entitlement to use the Saturn vehicle because he did not have a driver's license for several years prior to the accident, and Mr. Musto knew that driving without a license was illegal due to two previous citations he received for violating the Pennsylvania Motor Vehicle Code.  *Id*.  Plaintiff also notes that Mr. Musto did not provide his own name in filling out the Driver's List section of the insurance policy application.  (Doc. 11, p. 11-13).

action, could operate in harmony does not apply in our case.  *See Thermal C/M Services, Inc. v. Penn Maid Dairy*, 831 A. 2d 1189, 1194 (Pa. Super. 2003).  As stated, if Mr. Musto is found in the present action not to be an insured, a legal question, then we agree with Plaintiff (Doc. 38, p. 10) that there would be no reason for Defendant to proceed with the UIM arbitration.

Accordingly, we shall grant Plaintiff's Motion **(Doc. 30)** to Stay Defendant's state court Arbitration action until the present declaratory judgment action is decided.

An appropriate Order will be issued.


                <u>**s/ Thomas M. Blewitt**</u>
                **THOMAS M. BLEWITT**
                **United States Magistrate Judge**

**Dated: February 13, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY, | : | CIVIL ACTION NO. **3:CV-05-0135** |
| Plaintiff | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| ELIZABETH MUSTO, Administratrix of the Estate of Patrick P. Musto, Jr., | : | |
| Defendant | : | |

## ORDER

**AND NOW,** this 13th day of **February, 2006**, upon consideration of the Motion for Stay of UIM Arbitration of Plaintiff, Motorists Mutual Insurance Company **(Doc. 30)** and Defendant's response thereto, **IT IS HEREBY ORDERED AND DECREED** THAT SAID Motion is **GRANTED.** As such, the Court directs that the UIM arbitration initiated by Defendant in state court be stayed until the conclusion of the instant declaratory judgment action.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated:  February 13, 2006**